```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        FORT WAYNE DIVISION
```

NATHANIEL JOHNSON              )
                               )
    Plaintiff,                 )
                               )
v.                             )    No. 1:06CV405
                               )
OWINGSVILLE BANKING COMPANY,   )
                               )
    Defendant.                 )

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's Third Claim for Relief, filed by Defendant, Owingsville Banking Company, on January 26, 2007. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On December 21, 2006, Plaintiff, Nathaniel Johnson ("Johnson") filed a complaint against Defendant, Owingsville Banking Company, ("Bank"). The complaint alleges that Johnson purchased a truck, which he held legal title to, and which he utilized in his vehicle salvaging and wrecker services. The complaint further alleges that in June of 2005, an agent of the bank wrongfully repossessed this truck. Based on these actions, Johnson claims the Bank committed trespass, conversion, and tortious interference with a business opportunity or relations.

In the instant motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6), the Bank contends that Johnson's third

claim for relief, the claim for tortious interference with a business opportunity or relations, must fail.  The instant motion is now fully briefed and ripe for adjudication.

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits.  *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff.  *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).  A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss."  *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).  A complaint need not plead law or be tied to one legal theory.  *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)).  A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes

clear that he does not plan to prove an essential element of his case. *Id.*

Under Indiana law, in order to prevail at trial on his claim of tortious interference, Johnson must show: (1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationships; (3) the defendant's intentional interference with that relationship (4) the absence of justification; (5) that Defendant acted illegally, and (6) resulting damages. *See Government Payment Service, Inc. v. Ace bail Bonds*, 854 N.E.2d 1205, 1209 (Ind. Ct. App. 2006).

The instant motion to dismiss asserts that Johnson's claim for tortious interference must fail because his complaint "neither alleges nor contemplates any sort of ongoing business relationship with any entity with which the repossession of the truck could have interfered." As mentioned earlier, mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss*, 760 F.2d at 767. The Seventh Circuit recently stated that, "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain ...' should stop and think: What rule of law *requires* a complaint to contain that allegation?" Tortious interference is not required to be plead with particularity. Therefore, Plaintiff's alleged failure to plead facts from which a business relationship can be inferred fails to provide a basis for dismissal. The argument raised here would be more

appropriate at the summary judgment stage of the proceedings.

CONCLUSION

    For the reasons set forth above, the motion to dismiss is **DENIED**.

**DATED:  May 11, 2007**              /s/RUDY LOZANO, Judge
                                                  United States District Court